Filed 11/13/20  P. v. Urrutia CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058118 |
| v. | (Super. Ct. No. 02NF0517) |
| CARLOS RODRIGUEZ URRUTIA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Carlos Rodriguez Urrutia appeals from the trial court's postjudgment order denying his petition for resentencing on his conviction for attempted murder (Pen. Code, § 1170.95, all further statutory references are to the Penal Code). Because section 1170.95 applies only to murder convictions, the trial court properly denied Urrutia's petition. We affirm the court's order.

FACTS

A detailed recitation of the facts can be found in our prior nonpublished opinion *People v. Catalan et al.* (G034279, June 15, 2006). Suffice it to say, in 2004, a jury convicted Urrutia, and his co-defendant, of willful, deliberate, and premeditated attempted murder and street terrorism. The trial court sentenced Urrutia to 15 years to life in prison, where he remains. We affirmed his convictions with modifications to his credits. (*Catalan, supra,* G034279.)

In 2019, pursuant to the Legislature's amendments to the Penal Code in Senate Bill No. 1437 (S.B. 1437), Urrutia filed a petition seeking to vacate his attempted murder conviction pursuant to section 1170.95. The trial court denied the petition, ruling the following: "The petition does not set forth a prima [facie] case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

DISCUSSION

Urrutia argues the trial court abused its discretion by concluding section 1170.95 was inapplicable to attempted murder. We disagree.

S.B. 1437 amended sections 188 and 189, and added section 1170.95. (Stats. 2018, ch. 1015, §§ 2-4.) The intent of the legislation was to limit application of the felony murder rule and murder based on the natural and probable consequences doctrine by modifying the mens rea element of those crimes. The legislation also created

a procedure by which a defendant previously convicted of murder under either of those theories could file a petition for resentencing.

Recently, in *People v. Dennis* (2020) 47 Cal.App.5th 838 (*Dennis*), review granted July 29, 2020, S262184, a panel of this court addressed the issue and concluded S.B. 1437 does not apply to the offense of attempted murder, adopting the reasoning of *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted November 13, 2019, S258175, and *People v. Munoz* (2019) 39 Cal.App.5th 738, review granted November 26, 2019, S258234, which "held '[a]s a matter of statutory interpretation, [S.B.] 1437's legislative prohibition of vicarious liability for murder does not, either expressly or impliedly, require elimination of vicarious liability for attempted murder.'" (*Dennis, supra,* 47 Cal.App.5th at p. 844.) The *Dennis* court rejected the reasoning of *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted March 11, 2020, S259948 (*Medrano*), *People v. Larios* (2019) 42 Cal.App.5th 956, review granted February 26, 2020, S259983 (*Larios*), and *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768, three cases in which the Fifth District Court of Appeal has reached a contrary conclusion. (*Dennis, supra,* 47 Cal.App.5th at pp. 846-847.)

In his reply brief, Urrutia acknowledges the *Dennis* court's holding, but asks us to abandon it and *Lopez*, and accept the *Medrano* court's reasoning. But *Medrano* held S.B. 1437 does not apply to attempted murder convictions that are final. (*Larios, supra,* 42 Cal.App.5th at pp. 968-970; *Medrano, supra,* 42 Cal.App.5th at pp. 1016-1018.)

As Urrutia's attempted murder conviction is final, we adopt the *Dennis* court's reasoning and conclude he is not entitled to relief under S.B. 1437. We recognize our Supreme Court will have the final word as the issue of whether S.B. 1437 applies to attempted murder is currently pending before the court in various cases.

Second, Urrutia contends we should remand the matter for the trial court to determine whether the instruction on natural and probable consequences, an invalid

theory of guilt, was harmless beyond a reasonable doubt. On appeal from the denial of a section 1170.95 motion we are limited to deciding whether Urrutia was entitled to relief under that section. (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.)

Finally, Urrutia asserts the trial court erred by failing to appoint counsel. Section 1170.95, subdivision (c), provides in relevant part the following: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."

Here, the minute order was not specific, but we infer the trial court found Urrutia was statutorily ineligible for relief because he was not convicted of murder. Such a finding was based on a simple application of the statute. Urrutia was not entitled to S.B. 1437 relief because he was not convicted of murder, and the trial court could summarily deny his petition based on a preliminary review of the charges. Any error in not appointing counsel was harmless beyond a reasonable doubt because Urrutia could not make an arguable showing as a matter of law. Under the circumstances of this case, appointment of counsel was not required.

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.